# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHANE JAMES MORRIS,

    *Plaintiff,*

vs.

    Case No. 5:22-cv-04038-EFM-RES

THE ONYX COLLECTION, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant The Onyx Collection, Inc. ("Onyx")'s Motion to Dismiss (Doc. 10). Plaintiff Shane James Morris brings claims against Onyx under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127, 134 Stat. 178 *et seq.*, and the Emergency Paid Sick Leave Act ("EPSLA"), 29 U.S.C. § 5101 *et seq.*[1] Onyx argues primarily that Morris's claims do not fall under these acts because Morris's absence from work was due to bereavement, not caring for a family member. Finding Onyx's position fully justified by the law, the Court grants its Motion.

---

[1] The FFRCA and the EPSLA provisions at issue in this case were only in effect between April 1, 2020, and December 31, 2020.

## I.     Factual and Procedural Background[2]

Morris, a Kansas resident, began working for Onyx in January 2020. On May 18, Morris's biological father, who had been living in California, passed away. In light of his father's death, Morris traveled to California to make all necessary arrangements. Before leaving, Morris communicated with his supervisor at Onyx. The supervisor informed Morris that he would only be allowed three days (or 24 hours) bereavement pay to handle all arrangements for his father.

Because of the ongoing COVID epidemic, the body of Morris's father had to be placed in post-mortem quarantine for several weeks. Morris remained in California for its duration. Upon returning to Kansas, Morris had to quarantine for 14 days due to Kansas laws enacted in response to COVID. Morris remained in communication with Onyx regarding his quarantine requirements but only reached out to discuss a return date to work after the quarantine had expired.

Onyx fired Morris after his long absence because Morris "has issues." It then paid him the promised 24 hours bereavement leave along with 16 hours of holiday pay. Morris thereafter filed suit under the FMLA and its COVID amendments, the FFCRA and the EPSLA. In response, Onyx has moved to dismissed Morris's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible

---

[2] The facts are taken from the allegations within Morris's Complaint and are considered true for the purposes of this order.

[3] Fed. R. Civ. P. 12(b)(6).

on its face.' "[4]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]

### III.     Analysis

In this case, there are two issues before the Court.  First, does the FMLA, as expanded by the FFCRA and its EPSLA provision, provide leave for individuals to care for deceased family members?  Second, did Morris allege sufficient facts in his Complaint to plausibly show that he complied with 29 C.F.R. § 826.100(a) by providing requisite notice to his employer of his mandatory quarantine upon returning to Kansas?  The Court holds the answer to each question is a resounding "no."

---

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

### A.     Morris is an ineligible employee under the FMLA

Onyx first moves to dismiss Morris's claim under the unmodified FMLA. Onyx correctly points out that the unmodified FMLA applies only to employees who have worked for the employer for at least 12 months and 1,250 hours.[10] Because Morris only worked for Onyx for four months prior to traveling to California, he is ineligible to receive any kind of leave under the FMLA, unless it were somehow under the FFRCA. Therefore, his FMLA claim, insofar as it does not depend on the FFRCA, must be dismissed.

### B.     Leave to care for a dead body is not covered under the FMLA, the FFCRA, or the EPSLA

Onyx further moves to dismiss any claims Morris may have under the FFCRA or its EPSLA provision, statutes enacted to deal with the onslaught of COVID-19.[11] The EPSLA provides six instances in which employees are eligible for sick leave[12] regardless of how long they may have worded for their employer.[13] Morris claims that three of instances entitle him to sick leave in the present case. These instances apply where:

> (1) The employee is subject to a Federal, State, or local quarantine or isolation order related to COVID–19.
>
> . . .
>
> (4) The employee is caring for an individual who is subject to an order as described in subparagraph (1) or has been advised as described in paragraph (2). [OR]
>
> . . .

---

[10] 29 U.S.C. § 2611(2)(A).

[11] The parties do not dispute that the FFRCA, although not currently in effect, was in effect at the time of the underlying facts.

[12] 29 U.S.C. § 5102(a).

[13] *Id.* at § 5102(e)(1).

> (6) The employee is experiencing any other substantially similar condition specified by the Secretary of Health and Human Services in consultation with the Secretary of the Treasury and the Secretary of Labor.[14]

First, Morris claims for the first time in his Response that under § 5102(a)(1) he was subjected to a mandatory quarantine in California under California's "shelter in place" law. Morris did not allege any mandatory quarantine in California within his Complaint. Because a court when ruling on a motion to dismiss may only consider the pleadings themselves, Morris may not avoid dismissal based on an allegation raised for the first time in his Response.[15]

Second, Morris contends that the phrase in § 5102(a)(4) "caring for an individual" is ambiguous and, based on Congress's intent to expand the FMLA with the passage of the EPSLA, includes caring for the body of an individual. Morris argues that the FFCRA, specifically under its EPSLA provision, greatly expands on the FMLA to make paid sick leave available for time spent caring for *deceased* family members. Onyx, in contrast, contends that the FFRCA did not change the definition of "caring for an individual" to include caring for a corpse. The Court finds that "caring for an individual" unambiguously refers to a caring for a living person.[16] After all, "a deceased person has no basic medical, nutritional, or psychological needs which need to be 'cared for.' "[17] Morris cites to no authority whatsoever in support of his position. Although the Court

---

[14] *Id.* at § 5102(a).

[15] *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("When a party presents matters outside of the pleadings for consideration, as a general rule the court must either exclude the material or treat the motion as one for summary judgment.") (further citations and quotations omitted); *see also Gardner v. Engenious Designs LLC*, 2022 WL 1442846, at *3 (D. Kan. 2022) ("Moreover, Engenious' arguments rely on materials outside the pleadings. Such materials are not properly considered on a motion to dismiss and therefore the court will not consider them.") (citing *Brokers' Choice*, 861 F.3d at 1103).

[16] *See, e.g.*, *Lange v. Showbiz Pizza Time, Inc.*, 12 F. Supp. 2d 1150, 1154 (D. Kan. 1998) (interpreting similar provision in FMLA and finding bereavement leave not available).

[17] *Id.* (quoting *Beal v. Rubbermaid Commercial Prods. Inc.*, 972 F. Supp. 1216, 1226 (S.D. Iowa 1997)); *see also Brown v. J.C. Penney Corp.*, 924 F. Supp. 1158, 1162 (S.D. Fla. 1996) ("Put simply, if Congress wanted to ensure

acknowledges that the FFRCA expands upon the FMLA's normal provisions, to read substance into an unambiguous provision in beyond this Court's power. Therefore, the Court will not interpret "caring for an individual" to include caring for deceased individuals. Accordingly, Morris is not eligible for sick leave under § 5102(a)(4).

Finally, Morris argues that he is eligible under § 5102(a)(6) because the facts of his situation "constitute a substantially similar condition as contemplated by the FFRCA and EPSLA." However, Morris leaves out a vital part of § 5102(a)(6)—it only applies to a "substantially similar condition *specified by the Secretary of Health and Human Services*." Instead of taking the plain language of the statute at face value, Morris would have this Court usurp the congressionally designated authority of the Secretary of Health and Human Services. Because the Secretary has never specified any condition under § 5102(a)(6), Morris is not entitled to sick leave under § 5102(a)(6).

**C.  Because Morris failed to plead facts alleging his compliance with 29 C.F.R. § 826.100(a), he cannot state a claim under FFCRA § 5102(a)(1) for his mandatory quarantine upon returning to Kansas**

Onyx's sole argument as to why Morris is not entitled to paid sick leave under the EPSLA for his quarantine in Kansas is that Morris failed to allege facts showing he complied with 29 C.F.R. § 826.100(a). Under that regulation, employees must "provide the Employer documentation" prior to taking leave in order to be eligible for paid sick leave under the EPSLA.[18] Namely, an employee must provide "(1) Employee's name; (2) Date(s) for which leave is requested; (3) Qualifying reason for the leave; and (4) Oral or written statement that the Employee

---

that employees on FMLA leave could take additional time off after a family member died from a serious health condition, it easily could have said so in the statute.")

[18] *See* 29 C.F.R. § 826.100(a) (in effect April 10, 2020, to September 15, 2020).

-7-

is unable to work because of the qualified reason for leave."[19]  In the case of state mandated quarantines, the employee must also provide documentation to the employer of the government entity's name which subjected the employee to quarantine.[20]

For example, in *Colombe v. SGN, Inc.*,[21] the Eastern District of Kentucky addressed a defendant's motion to dismiss the plaintiff's EPSLA claim.[22]  The plaintiff's complaint alleged that she had given her employer notice on April 2 but had not inquired about a return date to work until April 11.[23]  From this, the court inferred that the plaintiff had not provided the employer with the dates for which leave is requested as required by 29 C.F.R. § 826.100(a)(2).  That conclusion enabled the court to find that the plaintiff had not complied with 29 C.F.R. § 826.100(a) and, therefore, dismiss the plaintiff's case with prejudice.[24]

Because Kansas state law required Morris to quarantine upon his return from California and because Onyx still employed Morris at that time, 29 U.S.C. § 5102(a)(1) applies.  However, Morris's Complaint fails to allege any facts that he provided the requisite documentation to Onyx prior to taking leave.  He only references in his Complaint that "Plaintiff remained in communication with Defendant regarding these quarantine requirements."  Like the plaintiff in *Colombe*, Morris did not reach out to Onyx to discuss his return to work until after his quarantine had begun—indeed, not until after it expired.  This shows that he did not discuss the end date of his quarantine with Onyx prior to taking leave.  Therefore, Morris's Complaint facially excludes

---

[19] *Id.*

[20] *Id.* at § 826.100(d)(1).

[21] 2021 WL 1198304 (E.D. Ky. Mar. 29, 2021)

[22] *Id.* at *4.

[23] *Id.*

[24] *Id.*

the possibility that he provided the end dates to his quarantine prior to taking leave. Even if it did not, Morris's Complaint would only raise speculative possibilities as to whether Morris actually provided the necessary documentation to Onyx. Accordingly, dismissal for failure to state a claim is warranted in this case.

**IT IS THEREFORE ORDERED** that Defendants Motion to Dismiss (Doc. 10) is **GRANTED** without prejudice.

**IT IS SO ORDERED.**

This case is closed.

Dated this 8th day of November, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE